IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JASON WILLIE BREWER,

      Plaintiff,

v.                                    CASE NO. 5:10-cv-113-RS-GRJ

JOSE SANCHEZ, and
JOHN HENREY,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff, a federal prisoner formerly incarcerated at FCI Marianna, initiated this case by filing a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and has been granted leave to proceed as a pauper. Docs. 1 and 2. Upon careful consideration of the Complaint, it is recommended that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

      Plaintiff contends that while he was incarcerated at FCI Marianna during 2003-2004 he worked in the prison's UNICOR facility that recycled used computer parts. Plaintiff alleges that while he was working in the facility he was exposed to "dangerous toxic dust levels (lead)." Plaintiff alleges that Defendant John Henrey was the warden of FCI Marianna during the relevant time period, and Defendant Jose Sanchez was the associate warden and UNICOR factory manager. Plaintiff alleges that each Defendant "failed to formulate, and adopt and enforce safety protocols," that would have prevented Plaintiff's exposure. More specifically, Plaintiff alleges that Defendants are "vicariously

liable" for the failure to formulate, adopt, and enforce safety protocols and that Defendants "failed or refused to act with reasonable care by violating [their] duty to provide proper safety gear and equipment to protect [Plaintiff] from high levels of dangerous lead dust." Plaintiff alleges that as a proximate result of Defendants' negligence, he has suffered physical injuries, mental anguish, and pain. Plaintiff does not state when he learned of his alleged injuries. For relief, Plaintiff seeks compensatory damages and punitive damages. Doc. 1.

<u>Discussion</u>

Pursuant to 28 U.S.C. § 1915(e)(2), "notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

To state a claim for relief that will survive a motion to dismiss or screening by the Court, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*; *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998) (*overruled on other grounds* by *Iqbal*).

In *Bivens*, the Supreme Court held that injured plaintiffs can bring a cause of action for damages against individual federal officers based on violations of constitutional rights. *Bivens* involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed *Bivens* actions for violations of other constitutional rights. *See Davis v. Passman*, 442 U.S. 228 (1979) (equal protection component of the Fifth Amendment's Due Process Clause); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment's cruel and unusual punishments clause).

The instant complaint fails to allege that the named Defendants violated any of Plaintiff's constitutional rights. Plaintiff alleges only that Defendants were negligent with regard to safety standards at the UNICOR facility. While a prisoner can sue for personal injuries sustained as the result of a federal employee's negligence under the Federal Tort Claims Act, the only proper defendant in such an action is the United States, not the individual federal employees. Moreover, "when a federal prisoner's injuries are work-related, the Supreme Court has held that the prisoner's exclusive remedy against the government is the Inmate Accident Compensation Act; he cannot sue the government under the FTCA." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citing *United States v. Demko*, 385 U.S. 149, 152-54)).

The Inmate Accident Compensation Act does not preclude a *Bivens* Eighth Amendment claim stemming from a prison workplace injury, but to state such a claim a

Plaintiff must allege that each defendant acted with "deliberate indifference -- that he or she both knew of and disregarded an excessive risk to inmate health or safety." *Id*. (citing *Farmer v. Brennan*, 51 U.S. 825, 837 (1994)).

The Eleventh Circuit has explained that to state an Eighth Amendment claim, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir.2004). Under the objective component, a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety. To satisfy the subjective component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference. "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir.2003) (internal quotations and citations omitted).

Plaintiff's allegation that Defendants negligently failed to prevent his alleged exposure to lead dust plainly fails to satisfy the deliberate-indifference standard. Moreover, Plaintiff has alleged no facts from which the Court could reasonably infer that Defendants actions amounted to deliberate indifference.

Accordingly, it is respectfully **RECOMMENDED** that the Complaint, Doc. 1, be

**DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon

which relief may be granted..

      **IN CHAMBERS**  this 18th day of April 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**